UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONETTE JONES, ROCHELLE ENDRES, DAISY AGUILLON, RENEASHIA BARNES, MELONIE BURTON, CHRISTEN GRAHAM, SAM LOPEZ, RANDALL BROWN, MELISSA BAILEY, JESSICA FLORUM, LYNETTE WHEELER, JAKIE PRYOR, KRISTIN TRAVIS, SHIMEKA ROGERS, TONI SCOTT, KATHERINE MELFORD, NICOLE ZAREMBKA, MARK MARTINEZ, SHANNON SILVER, COTRANDA OSTEEN, CHEVELLE RAGSDALE, GINA PRESTIGIACOMO, GERALD CLARK, KATRINA GRAHAM, SHANNON MORELAND, LASHUN PARISH, CHRISTINA HUNTER, TANISHA SATTERWHITE, MEHDI MAZROOEE, RACHEL PUCKETT, BOBBY FRIDAY, RUTH GONZALEZ, MARK HENDEL, DANIELLE RALPH, VAN AND NEISHA BURTON, AND NANETTE MECK,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>- v. -<br><br>FIRST QUALITY ENTERPRISES, INC., FIRST QUALITY CONSUMER PRODUCTS, LLC, NUTEK DISPOSABLES, INC., WAL-MART STORES, INC., FAMILY DOLLAR STORES, INC., WALGREEN CO., dba WALGREENS, FRED'S, INC., and FRED'S OF TENNESSEE, INC.,<br><br>Defendants | Case No. 14-cv-6305<br><br>Hon. Leonard D. Wexler, U.S.D.J.<br>Hon. Arlene R. Lindsay, U.S.M.J.<br><br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE PROGRAM |

THIS MATTER having been brought before the Court by Plaintiffs through Jones Ward PLC, Law Offices of Paul Whalen, P.C., Siprut PC (together, "Class Counsel"), pursuant to Fed.

R. Civ. P. 23(e), for an Order granting preliminary approval of a class action settlement, and directing the dissemination of class notice and appointing a class notice and claims administrator (the "Motion");

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. The Stipulation of Class Action Settlement dated _____ (the "Agreement"), submitted with the Motion, is preliminarily approved.[1] The Court finds that the terms of Agreement fall within the range of possible approval sufficient to warrant sending notice thereof to the Settlement Class.  Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") §21.632 (4th ed. 2004).  This finding that the settlement is reasonable is subject to a final determination to be made after a Final Approval Hearing, as set forth below.

2. <u>Conditional Class Certification For Settlement Purposes</u>:  Based upon the submissions of the Parties, for purposes of the Settlement only, the Court finds as to the Settlement Class that:  (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) the Class Representatives' claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the Settlement Class Members and in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by

---

[1] Except as otherwise specified herein, all defined terms set forth in this Order shall have the same meaning as that set forth in the Agreement.

Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.  The Court preliminarily approves Plaintiffs Antonette Jones, Rochelle Endres, Daisy Aguillon, Reneashia Barnes, Melonie Burton, Christen Graham, Sam Lopez, Randall Brown, Melissa Bailey, Jessica Florum, Lynette Wheeler, Jakie Pryor, Kristin Travis, Shimeka Rogers, Toni Scott, Katherine Melford, Nicole Zarembka, Mark Martinez, Shannon Silver, Cotranda Osteen, Chevelle Ragsdale, Gina Prestigiacomo, Gerald Clark, Katrina Graham, Shannon Moreland, LaShun Parish, Christina Hunter, Tanisha Satterwhite, Mehdi Mazrooee, Rachel Puckett, Bobby Friday, Ruth Gonzalez, Mark Hendel, Danielle Ralph, Van and Neisha Burton, and Nanette Meck as representatives of the Settlement Class and conditionally certifies a Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) comprised of all Persons in the United States who (a) purchased or acquired (including by gift) Recalled Baby Wipes on October 25, 2013 and through to October 25, 2014 for or on behalf of themselves or a third party or minor child over whom they have custody and control as a caregiver, parent or guardian, or to be given as a gift to another Person; (b) are the parent or guardian of a minor child who purchased or acquired (including by gift) Recalled Baby Wipes on October 25, 2013 and through to October 25, 2014; or (c) was exposed to the Recalled Baby Wipes purchased between October 25, 2013 and through to October 25, 2014 whereby such exposure resulted in bodily injury or a Qualifying Symptom, including any Guardian, Executor, Administrator or other representative of any Person  exposed to the Recalled Baby Wipes .

3. Jones Ward PLC, Law Offices of Paul Whalen, P.C., Siprut PC are appointed as Settlement Class Counsel and Co-Lead Counsel for the class.

4. A hearing (the "Final Approval Hearing") shall be held before this Court on the date set forth below to determine whether (a) this action finally meets each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a), and may properly be maintained as a class action on behalf of the Settlement Class under Fed. R. Civ. P. 23(b)(3); (b) the Settlement Agreement should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) an order should be entered granting final approval of the Agreement, entering final judgment and dismissing the Complaint in the above-captioned action with prejudice ("Final Judgment and Order Approving Settlement"), consistent with the terms provided for in the Agreement; and (d) the application of Class Counsel for the payment of attorneys' fees and expenses, and payment to the Class Representatives, is reasonable and should be approved. The Final Approval Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Settlement Class and Minor Settlement Subclass.

5. At the Final Approval Hearing, the Court will consider any timely and verified objections presented by Settlement Class Members and the Parties' responses to any such objections.

6. Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement. Any member of the Settlement Class who so objects may (but need not) appear at the Final Approval Hearing, in person or through counsel, to show cause why the proposed settlement should not be approved as fair, adequate and reasonable. In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Plaintiffs' Counsel and Nutek's Counsel: (a) the title of the Action (*Jones et al. v. Wal-Mart Stores, Inc. et al.*, Case No. 14-cv-06305-LDW-ARL (E.D.N.Y.)); (b) the full name address

4

and telephone number of the Person objecting; (c) an explanation of the basis upon which the Person claims to be a Settlement Class Member; (d) evidentiary proof of the Person's membership in the Settlement Class; (e) all grounds for the Person's objection (including any legal support for the objection known to the Person or his or her counsel); (f) the identity of any counsel representing the Person who will appear at the Final Fairness Hearing; (g) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the Person's objection, if the Person plans to call witnesses; (h) a statement confirming whether the Person intends to personally appear and/or testify at the Final Fairness Hearing; and (i) the Person's signature or the signature of the Person's duly authorized counsel or other duly authorized representative. Any such objection must be filed with the Clerk of the Court and received by counsel for the Parties no later than 21 days before the date of the Final Approval Hearing. All objections that fail to satisfy the requirements of this paragraph or that are not properly and timely submitted will not be considered by this Court and will be deemed waived, and those Settlement Class Members shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means and shall be bound by the final determination of this Court.

7. Any Person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must do so in writing by mailing a Request for Exclusion from the Settlement Class to the Claims Administrator, so that such request is postmarked no later than the date set forth in the above paragraph for filing objections to the proposed settlement. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class. Any Request for Exclusion that fails to satisfy the requirements of this

paragraph or that is not properly and timely submitted, as required above, shall not be effective. Such Person shall be deemed to have waived all rights to opt out of the Settlement Class, and shall be deemed a Settlement Class Member and/or Minor Settlement Subclass Member for all purposes pursuant this Order.  So-called "mass" or "class" opt-outs shall not be allowed.

8. The Court finds that the manner and content of the settlement notice program specified in the Agreement will provide the best notice practicable to the Settlement Class under the circumstances.  All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be borne by defendant Nutek Disposables, Inc., subject to the provisions of the Settlement Agreement.

9. If the Agreement is finally approved, the Court shall enter separate order(s) finally approving the Agreement, entering judgment and dismissing the Complaint with prejudice consistent with the terms of the Agreement.  Such order(s) and judgment shall be fully binding with respect to Plaintiffs, all members of the Settlement Class, and the Released Parties.

10. In the event that the proposed Settlement provided for in the Agreement is not approved by this Court, or entry of the Final Judgment and Order Approving Settlement does not occur for any reason, then the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by this Court in connection therewith shall become null and void and all monies (except for incurred settlement notice and administrative costs) returned to Nutek Disposables, Inc. and its insurance carriers by the Settlement Administrator.  In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of the execution of the Agreement.

11. The Court hereby appoints Dahl Administration, LLC as the Claims Administrator to perform the duties set forth in the Agreement in accordance with the schedule set forth in this Order. The dates of performance are as follows:

| | |
|---|---|
| Activation of Settlement Website by Claims Administrator. | Date: July 31, 2017 |
| Posting of Statement on the Plaintiffs' Counsel's websites directing individuals to the Settlement Website | Date: July 31, 2017 |
| Posting of Short Form Notice | Date: July 31, 2017 |
| Claims Administrator to provide Court with documentation that Notice was provided in accordance with Notice Program | Date: October 18, 2017 |

12. The Parties shall file and serve papers in support of final approval of the Agreement, including any requested payment of attorneys' fees, representative payments, costs and litigation expenses, by November 18, 2017, and any responses to any objections that may be filed are due by December 6, 2017.

13. The Final Approval Hearing shall be held on December 18, 2017 at 11:00 a.m.

14. Pending final determination of whether the Settlement embodied in the Agreement is to be approved, no member of the Settlement Class, either directly, representatively, derivatively, or any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims described in Paragraph 13.1.2 of the Agreement.

DATED: _____, 2017

                                                  Hon. LEONARD D. WEXLER
                                                  U.S. District Court Judge