UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTONETTE JONES, ROCHELLE ENDRES, DAISY AGUILLON, RENEASHIA BARNES, MELONIE BURTON, CHRISTEN GRAHAM, SAM LOPEZ, RANDALL BROWN, MELISSA BAILEY, JESSICA FLORUM, LYNETTE WHEELER, JAKIE PRYOR, KRISTIN TRAVIS, SHIMEKA ROGERS, TONI SCOTT, KATHERINE MELFORD, NICOLE ZAREMBKA, MARK MARTINEZ, SHANNON SILVER, COTRANDA OSTEEN, CHEVELLE RAGSDALE, GINA PRESTIGIACOMO, GERALD CLARK, KATRINA GRAHAM, SHANNON MORELAND, LASHUN PARISH, CHRISTINA HUNTER, TANISHA SATTERWHITE, MEHDI MAZROOEE, RACHEL PUCKETT, BOBBY FRIDAY, RUTH GONZALEZ, MARK HENDEL, DANIELLE RALPH, VAN AND NEISHA BURTON, AND NANETTE MECK, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiffs,<br>        - v. -<br><br>FIRST QUALITY ENTERPRISES, INC., FIRST QUALITY CONSUMER PRODUCTS, LLC, NUTEK DISPOSABLES, INC., WAL-MART STORES, INC., FAMILY DOLLAR STORES, INC., WALGREEN CO., dba WALGREENS, FRED'S, INC., and FRED'S OF TENNESSEE, INC.,<br><br>                                    Defendants. | Case No. 14-cv-6305<br><br>Hon. Leonard D. Wexler, U.S.D.J.<br>Hon. Arlene R. Lindsay, U.S.M.J. |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS, FOR APPROVAL OF SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS, AND FOR ATTORNEYS' FEES TO PLAINTIFFS' COUNSEL**

The Court having held a Final Approval Hearing on February 28, 2018, the notice of the Final Approval Hearing having been duly given in accordance with this Court's June 16, 2017 Order, and having considered: (a) the accompanying Memorandum Of Law In Support Of Plaintiffs' Motion For Final Approval Of Settlement And Certification Of Settlement Class, For

Approval Of Service Awards To Representative Plaintiffs, and For Attorneys' Fees To Plaintiffs' Counsel; (b) the Declaration of Jasper D. Ward, IV; (c) the records, pleadings, and papers filed in this action; and (d) such other documentary and oral evidence or argument as may be presented to the Court at or before the hearing of this Motion; and finding no just reason for delay in entry of this Final Order and Judgment, and good cause appearing therefore, finds as follows:

A.  This Court entered a Preliminary Approval Order which, among other things, (1) conditionally certified a Settlement Class; (2) appointed Representative Plaintiffs as representatives of the Settlement Class, (3) appointed Jones Ward PLC, Law Offices of Paul Whalen, P.C., and Siprut PC as Settlement Class Plaintiffs' Counsel and Co-Lead Counsel for the class; (4) approved the Notice Plan, including an opportunity for Settlement Class members to request exclusion from or object to the Settlement, or to request a payment by returning a claim form; (5) directed the dissemination of Class Notice and Appointing a Class Notice and Claims Administrator; (6) preliminarily approved the proposed Class Settlement Agreement ("Settlement Agreement" or "Agreement" (DE 61)) which would be binding on the Settlement Class; and (7) set a Final Approval Hearing to consider any objections and to determine whether the proposed settlement is fair, reasonable, and adequate.

B.  In satisfaction of Federal Rule of Civil Procedure (Fed. R. Civ. P.) 23(e)(3), a copy of the Settlement Agreement was provided to the Court with Plaintiff's Declaration in Support of Plaintiffs Unopposed Motion for Preliminary Approval. *See*, DE 61.

C.  In accordance with the Court's Preliminary Approval Order, the Claims Administrator established a Settlement Website,[1] which went live online on July 31, 2017. By

---

[1] https://secure.dahladmin.com/NUTEK

January 19, 2018, 45,079 unique visitors had visited the Settlement Website. Thereafter, a statement was placed on the websites of the Plaintiffs' Counsel directing individuals to the Settlement Website. Additionally, a Notice Database described in Section 6.2, of the Settlement Agreement was created. Class Members who could be identified from the Notice Database were sent either an email notice or postcard notice—postcard notice only if email is unavailable—bearing a UIDN, informing them of this class action settlement, and providing them with instructions about how to submit a Claim online.

D. Specifically, on July 31, 2017, Initial Notice was e-mailed to 1,133 Class Members and mailed to 381 Class Members. On November 6, 2017, Second Notice was mailed to 730,031 Class Members and emailed to 841,202 Class Members. By January 19, 2018, of the Notices that were sent, 138,962 or 19.04% were returned undeliverable with no forwarding address indicated. Of those notices that were returned by the United States Postal Service as undeliverable with no forwarding address indicated, 117,253 or 84.38% were sent to Trace. The Settlement Administrator obtained an additional 73,031 updated addresses, through the skip tracing process, and re-mailed those notices. By January 19, 2018, a total of 990 or 0.14% of the Notices were returned undeliverable with a forwarding address provided and all 990 were promptly re-mailed to the forwarding address, resulting in a total of 74,011 re-mailed notices (53.26%). By January 19, 2018, only 44,222 class members had not received direct notice because a better address could not be located.

E. Additionally, a toll-free number, 1-888-218-0349, was established on July 31, 2017 for Class Members to call and obtain additional information regarding the Settlement, which is currently active and being maintained. As of January 19, 2018, 7,676 calls were placed to the IVR system. Additionally, there were 1,171 live calls or callbacks to Class Members. An

email address was also set up for Class Members to email questions and obtain additional information regarding the Settlement, which is currently active and being maintained.

  F.  In total, as of January 19, 2018, approximately 1,572,747 Class Members received ***actual and direct notice*** of the Settlement. 9,668 unique Class Members had returned a claim form. Only 24 Class Members requested to opt-out from the Settlement, and **none** objected to, the Settlement.

  G.  On February 28, 2018, in accordance with the Preliminary Approval Order[2], Order extending hearing date dated October 24, 2017 (DE 66), and Fed. R. Civ. P. 23(e)(2), counsel for the Parties timely appeared for the Final Fairness Hearing to determine whether the action satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

  H.  The Class Members were given an opportunity to object to the settlement. Not a single Class Member objected to the settlement. The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order. Only 24 Class Members validly and timely requested exclusion.

  I.  Nutek, either directly or through the Claims Administrator, sent all notices and information required by 28 U.S.C. Sec. 1715 to appropriate federal and state public officials in accordance with the time requirements set forth therein.

  J.  With the Court having concluded that the proposed settlement is fair, reasonable, and adequate; and the Court being duly advised in the premises, and for good cause shown;

---

[2] *See*, DE 61; *see also* June 16, 2017 Text Only Order located in between Docket Entry 61 and 62 granting Consent Motion.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Stipulation and Agreement of Class Action Settlement, fully executed on or about February 14, 2017, including its exhibits (DE 60 at 30-108), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order. *See*, DE 61; June 16, 2017 Text Only Order located in between Docket Entry 61 and 62 granting Consent Motion; Ward Decl. ¶ 33.

2. This Court has jurisdiction over the subject matter of the Actions and over the Settling Parties, including all members of the following Settlement Class preliminarily certified for settlement purposes only in this Court's Preliminary Approval Order[3]. The Court confirms its certification in the Preliminary Approval Order of this lawsuit as a class action for settlement purposes only and, in accordance with Fed. R. Civ. P. 23(b)(3), defines the "Settlement Class" as:

**Class:**

All Persons in the United States who (a) purchased or acquired (including by gift) Recalled Baby Wipes on October 25, 2013 and through to October 25, 2014 for or on behalf of themselves or a third party or minor child over whom they have custody and control as a caregiver, parent or guardian, or to be given as a gift to another Person; (b) are the parent or guardian of a minor child who purchased or acquired (including by gift) Recalled Baby Wipes on October 25, 2013 and through to October 25, 2014; or (c) was exposed to the Recalled Baby Wipes purchased between October 25, 2013 and through to October 25, 2014 whereby such exposure resulted in bodily injury or a Qualifying Symptom, including any Guardian, Executor, Administrator or other representative of any Person exposed to the Recalled Baby Wipes.[4]

---

[3] *See,* June 16, 2017 Text Only Order located in between Docket Entry 61 and 62 granting Consent Motion.

[4] *See,* Settlement Agreement, ¶ 3.44; *See also*, June 16, 2017 Text Only Order located in between Docket Entry 61 and 62 granting Consent Motion; *See also*, Ward Decl. ¶ 33.

**Subclass:**

"Minor Settlement Subclass" and "Minor Settlement Subclass Member(s)" means all Persons in the Settlement Class who allegedly additionally developed a Qualifying Symptom after being exposed to Recalled Baby Wipes, while under 18 years of age, or under any other applicable age of majority, at any time on or before the date of entry of the Preliminary Approval Order.[5]

Excluded from the provisional Settlement Class and Subclass were: (a) persons or entities who purchased the Recalled Baby Wipes for the purpose of resale or distribution; (b) persons who are directors and officers of Nutek or its parent, subsidiary, or affiliate companies; (b) governmental entities; (c) persons who timely and properly exclude themselves from the Class as provided in the Settlement Agreement; (d) persons who signed a release of any Defendant for compensation for the claims covered by the Settlement; and (e) any judicial officer hearing this Litigation, as well as their immediate family members and employees.[6]

3. The Court hereby confirms the final certification, for settlement purposes only, the Class and Subclass defined above.

4. The Court hereby finds that the Settlement Agreement (a) was entered into in good faith; (b) is reasonable, fair, and adequate; (c) is the product of arm's-length settlement negotiations among the Plaintiffs and Plaintiffs' Counsel, on the one hand, and Defendants, on the other; and (d) is in the best interest of the Settlement Class.

5. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section 11.4 of the Settlement Agreement, and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the Class Notice and claims submission procedures set forth, respectively, in Section 11.4 and Section 6 of the Settlement

---

[5] *See*, Settlement Agreement, ¶ 3.44; *See also*, June 16, 2017 Text Only Order located in between Docket Entry 61 and 62 granting Consent Motion; See also, Ward Decl. ¶ 33.
[6] *See* DE 60 at ¶ 3.44; *See also*, Ward Decl. Exhibit 1, Settlement Agreement ¶ 3.44.

Agreement (a) fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (b) were the best notice practicable under the circumstances, providing individual notice to all members of the Settlement Class who could be identified through reasonable effort; and (c) support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order.

7. The Court further defines the "Claims" as a claim for relief pursuant to Sections 6.3-6.5 of [the Settlement] Agreement submitted by a Settlement Class Member with all other necessary documents and materials to the Claims Administrator in accordance with the terms of the Agreement.

8. The Court declares that the Parties' Notice Program as set forth in the Settlement Agreement in Section 11.4, as approved by the Court for disseminating the Class Notice, and as set forth above, satisfied the requirements of Fed. R. Civ. P. 23 and constitutional due process by providing due, adequate, and sufficient notice to the Settlement Class.

9. The Settlement Class complied with all requirements of Rule 23, including confirmation of the adequacy of the representation of the Class Representatives as representatives of the Settlement Class.

10. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, including the provisions governing payments to Class Members, and directs the Parties and the Settlement Administrator to implement and disburse those payments in accordance with the terms of the Settlement Agreement as set forth in Section 6. The Court finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

11.     The Court further directs that, consistent with Section 6.8 of the Settlement Agreement, in the event Settlement Class Members submit valid Claims seeking relief that do not exhaust the Settlement Fund, any excess, residual Category 1 funds shall be returned to Nutek, and any excess, residual Category 2 and Category 3 funds shall be returned to Nutek's insurance carriers who are responsible for funding those categories, after all Claims are paid or the Effective Date (whichever date is later).

12.     Furthermore, the Court further approves the award of attorneys' fees, inclusive of litigation expenses and costs, to Plaintiffs' Counsel in the amount of $1,150,000.00, and declares such attorney fees to be fair and reasonable. Nutek shall pay $1,150,000.00 to an escrow account maintained by Jones Ward PLC as receiving agent for Plaintiffs' Counsel within ten (10) days after notice of the entry of the order approving such fees.

13.     The Settlement Agreement, which was filed with the Court on February 14, 2017 (DE 60, Exh. D), and which shall be deemed incorporated herein by reference in its entirety, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any subsequent order issued by this Court.

14.     On and after the Effective Date, this Court Releases each Released Party from the Released Claims that any Releasing Party has, had, or may have in the future, against each Released Party.

15.     This Court finds that, on and after the Effective Date, the Covenant Not to Sue has been given by each Settlement Class Member in favor of each Released Party and that all Settlement Class Members are bound thereby.

16.     On and after the Effective Date, this Court bars and enjoins all Releasing Parties from asserting against any Released Party any Released Claim and bars and enjoins all

Settlement Class Members from initiating or pursuing any claim or action barred by the Covenant Not to Sue.

17. On and after the Effective Date, this Court Releases each Releasing Party and Settlement Class Member, and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants and insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs and assigns of each of them, from all claims of every nature and description, known and unknown, that any Released Party has, had, or may in the future have relating to the initiation, assertion, prosecution, non-prosecution, settlement and/or resolution of the Action, or the Released Claims, and bar and enjoin all Released Parties from asserting the same.

18. This court hereby Releases Defendants and their respective present and former parents, subsidiaries, divisions and affiliates, the present and former partners, owners, agents, employees, officers, and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of them, and the predecessors, successors, heirs and assigns of each of them from all claims of every nature and description, known and unknown, that any Releasing Party has, had or may in the future have relating to the defense, settlement and/or resolution of the Action, or the Released Claims, and bar and enjoin all Releasing Parties from asserting the same.

19. On and after the Effective Date, all Settlement Class Members are deemed to have waived and released all claims relating to Defendants' disposal or destruction of the Recalled Baby Wipes pursuant to orders of the Court and the terms of the Settlement.

20.     This Court retains the Court's continuing and exclusive jurisdiction over the Parties to the Agreement, including all Settlement Class Members, to construe and enforce the Agreement in accordance with its terms for the mutual benefit of the Parties.

21.     On and after the Effective Date, this Order is binding on each Plaintiff and each Settlement Class Member, including their next friend, heir, devisee, legatee, invitee, employee, customer, associate, co-owner, attorney, agent, administrator, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, or affiliate, except those individuals who validly and timely excluded themselves from the Settlement Class.

22.     On and after the Effective Date, each Releasing Party shall be deemed to have released and forever discharged each Released Party of and from liability for any and all Released Claims, and (b) each Settlement Class Member shall be deemed to have given and will be bound by the Covenant Not to Sue in favor of each Released Party.

23.     Plaintiffs, on behalf of themselves and the Settlement Class Members and as the representatives of the Settlement Class Members, shall expressly and to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code with respect to the Released Claims, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

24. On and after the Effective Date, each of the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged Defendants, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, owners, agents, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each of them, from all claims of every nature and description, known and unknown, relating to the defense, settlement and/or resolution of the Action and/or the Released Claims.

25. On and after the Effective Date, each of the Released Parties shall be deemed to have fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents of each of them, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims of every nature and description, known and unknown, relating to the initiation, assertion, prosecution, non-prosecution, settlement, and/or resolution of the Action and/or the Released Claims.

26. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties, Settlement Class Members, and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under the Settlement Agreement.

27. To the fullest extent permitted by law, the Settlement Agreement shall in no event be construed or deemed to be evidence of an admission or a concession on the part of any

Plaintiff, Defendant, any Releasing Party, or any Released Party with respect to any claim of any fault or liability, any defense, or any claim of injury or damages.

28. To the fullest extent permitted by law, the Settlement Agreement, whether or not consummated, and any proceedings taken pursuant to the Settlement Agreement, are not and shall not in any event be: (16.2.1) Construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of, a presumption, concession or an admission by any Plaintiff, Defendant, any Settlement Class Member, or any Released Party of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (16.2.2) Construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by any Plaintiff, Defendant, Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

29. In the event that one or more of the following occurs: the Court conditions its Final Judgment and Order Approving Settlement on any modifications of this Agreement that are not acceptable to all parties; or the Court's order certifying the Settlement Class is reversed, vacated, or modified in any material respect by another court; or the Court does not enter a Final Judgment and Order Approving Settlement or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by any court; then either of the Parties may terminate this Agreement within 10 business days of the event giving

rise to the right to terminate by serving written notice upon the other Party and the Court. In the event of a termination hereunder, Nutek shall cause the Claims Administrator to post information regarding the termination on the website established for the Settlement and to email such information to those Settlement Class Members who provided an email address to the Claims Administrator. It is expressly agreed that neither the failure of the Court to award Attorneys' Fees and Expenses to Plaintiffs' Counsel or Incentive Awards to Plaintiffs, nor the amount of such Attorneys' Fees and Expenses or Incentive Awards that may be finally determined and awarded, shall provide a basis for termination of this Agreement except as provided herein.

30. In the event of the termination of this Agreement, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement. Upon termination, Sections 4 and 16 herein shall survive and be binding on the Parties, but this Agreement shall otherwise be null and void. *See* Settlement Agreement, Section 17.3.

31. Unless otherwise ordered by the Court, in the event the Agreement is terminated for any reason, then within 10 business days after either Party has provided the Court with notice that they are invoking this Section 17, the Escrow Agent shall return the Settlement Fund, less expenses and any costs which have either been disbursed or incurred, including any taxes, to Nutek pursuant to written instructions from Nutek's Counsel. At the request of Nutek's Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Nutek. *See* Settlement Agreement, Section 17.4.

32. This Court hereby finds and concludes that notice provided by Defendants to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

33. This Order is not, and shall not constitute, be construed as, or be admissible in evidence as an admission of: (a) the validity of any claim or allegation by Plaintiffs, or of any defense asserted by Defendants, in the Action or any other action or proceeding; or (b) any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, Defendants, Released Party, Settlement Class Member, or their respective counsel.

34. The Settlement Agreement is the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.

35. No Released Party shall be subject to liability or expense of any kind to any Releasing Party with respect to any Released Claim.

36. On and after the Effective Date, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum, and each Settlement Class Member shall be enjoined from violating the Covenant Not To Sue.

37. The Agreement is without prejudice to the rights of each Releasing Party and each Released Party to: (a) seek or oppose class certification in the Action should the Agreement not be finally approved or implemented for any reason; (b) seek or oppose class certification in any other action (except to the extent barred by the Releases and/or the Covenant Not To Sue); or (c) use the certification of the Settlement Class to oppose certification of any other proposed or existing class arising out of the claims asserted in the Action.

38. By attaching the Settlement Agreement hereto as an exhibit and incorporating its terms herein, the Court determines that this Final Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

39. The Court shall retain exclusive and continuing jurisdiction over the Parties, Settlement Class Members, and the Claims Administrator to interpret and enforce the terms, conditions, and obligations under the Agreement.

40. Except as retained, this Court hereby dismisses the Actions against all Defendants with prejudice, without costs to any party, except for as expressly provided for in the Settlement Agreement.

41. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure.

42. The Clerk of the Court is directed to enter this Order on the docket forthwith.

**IT IS SO ORDERED:**

Dated: _____          _____
                                         HONORABLE JUDGE
                                         UNITED STATES DISTRICT COURT